HILL, Circuit Judge,
concurring dubitante:
The panel opinion connects the dots leading to an affirmance in a case that leaves me dissatisfied.
First, the defendant asked the court to allow her to discharge her retained counsel, and the retained counsel, citing differences with his client, moved that he be allowed to withdraw. The district judge referred the matter to a magistrate judge who recommended against withdrawal by the attorney. Left, then, with this attorney, the defendant’s objections to the magistrate judge’s report and recommendation were not put before the district judge. Our precedent says that this insulates the recommendation from our review. That seems disappointing because the record indicates that the magistrate judge declined to allow the defendant to choose her own lawyer, apparently perceiving the situation to be one in which the lawyer was appointed and not retained.
Then, the only real issue was whether or not the defendant, Brown, was aware that the baggage she was carrying had the contraband hidden in it.
The one piece of evidence seized upon by the prosecutor to prove defendant’s knowledge was a DEA official’s testimony that the contraband was worth $217,000 in Bermuda.[1] On cross-examination, however, this witness agreed that he had no personal knowledge of the value of the *1261 contraband in Bermuda. He brought that figure to the jury because he had called a DEA official in New York who had called a law enforcement officer in Bermuda and-passed on what he had learned to the witness. Whether or not this double hearsay was insulated from being stricken as it came from an expert was not presented to the district judge because the attorney the defendant had sought to discharge failed to move to strike it.
Somehow it is less than satisfying to me that a defendant can be confined to the penitentiary for sixty-three months under these circumstances, but I believe that when the dots are connected, it produces that result.

. The transcript of the eight-page closing argument by the government shows that government counsel referred to evidence of value ten times — "over two hundred thousand dollars” was mentioned five times, and "a quarter of a million dollars” was mentioned five times — as circumstantial evidence that the shipper would not have entrusted such valuable merchandise to one who was not aware of it. In a five-page rebuttal argument, the prosecutor referred to both "$200,000” and "a quarter of a million dollars” as proof of defendant's knowledge.